THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* BILLY WARD, Appellant.

(No. 70-199;

Fifth District—November 9, 1971.

Morton Zwick, Director of Defender Project, of Chicago, (William E. Lasko, of Defender Project, of counsel,) for appellant.

William J. Scott, Attorney General, of Chicago, and Robert Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The principal question presented by appellant is whether his plea of guilty to attempted murder was invalid because he was not sufficiently admonished as to the sentence. Defendant was sentenced to the penitentiary for a period of two to twenty years. The pertinent part of the admonition was, "the court has the authority to sentence you to any time up to 20 years. Do you understand that?"

The relevant portion of the statute fixing the penalty for attempt is found in Ill. Rev. Stat., ch. 38, par. 8—4, subsection (c) provides as follows:

"(c) Penalty

A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted * * *

(1) the penalty for attempt to commit * * * , murder, * * * shall not exceed imprisonment for 20 years."

No reference has been made by appellant to any specific provision of the Federal or State Constitution.

■■ It appears that the defendant received what is asked on his behalf: "to be informed of the permissible range of sentences which he could receive." The date of the guilty plea was February 18, 1970, which antedated the adoption of Supreme Court Rule 402. No useful purpose would be served by expounding on the applicable rules which are fully set forth in *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383; *People v. Scott*, 43 Ill.2d 135, 251 N.E.2d 190; *People v. Evans*, 45 Ill.2d 265, 259 N.E.2d 41; and *People v. Eads*, (Ill.App.2d), 272 N.E.2d 293. The law is concerned with substantial rights of parties, and we cannot conceive, nor does counsel claim, that the defendant was misinformed or in any way harmed by the court's failure to tell him that he might receive a lesser minimum sentence than that he received.

■■ Defendant also has argued that he should have received probation instead of a sentence. However, no application for probation was made in the trial court and thus no issue touching denial of probation is before us for review. Defendant's contention that his sentence is excessive has some merit. While we find no fault with the minimum of two years imprisonment for one convicted of attempted murder for shooting several times at police officers we nevertheless note that defendant has no prior felony convictions and believe the proper objectives of sentencing will be better served if the maximum sentence to twenty years is reduced to six years.

Judgment of conviction affirmed. Maximum sentence reduced to six years.

Judgment affirmed.

EBERSPACHER, P. J., and MORAN, J., concur.