(No. 50538.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. RICHARD J. McCOY, Appellee.

*Opinion filed January 26, 1979.*

WARD, J., took no part.

William J. Scott, Attorney General, of Springfield, and

Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Lee T. Hettinger, Kenneth T. McCurry, and Margaret K. Stanton, Assistant State's Attorneys, of counsel), for the People.

Ralph Ruebner, Deputy Defender, and David Mejia, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Richard J. McCoy, appealed from the judgment of the circuit court of Cook County entered upon allowance of the People's motion to dismiss his amended petition filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1975, ch. 38, par. 122—1 *et seq.*). In a Rule 23 order the appellate court reversed and remanded the cause to the circuit court "with directions to permit petitioner to plead anew" to the charge upon which he had been previously convicted (54 Ill. App. 3d 1112), and we allowed the People's petition for leave to appeal.

It is alleged in defendant's amended post-conviction petition that following a plea of guilty to the charge of burglary, and upon stipulating that that offense constituted a violation of an earlier probation, defendant's probation was revoked and he was sentenced to concurrent terms of 1 to 3 years on both the plea of guilty and on the probation violation. It is further alleged that the plea of guilty "was not knowingly and intelligently made for the reason that petitioner was not advised that in addition to the penitentiary sentence imposed he would also be required to serve three years on parole." The record shows that on September 3, 1975, represented by an assistant public defender, defendant pleaded guilty to the offense of burglary, that at the same time defendant's probation on

an earlier charge was revoked and he was sentenced to concurrent terms of 1 to 3 years at the State Farm at Vandalia. The record reflects that the plea of guilty was accepted and the sentences imposed in accordance with an agreement negotiated between the assistant State's Attorney and the assistant public defender.

Defendant had contended in the appellate court that the circuit court erred in dismissing his amended petition in that the failure to admonish him at the time of his plea of guilty that the mandatory parole term was a part of the sentence was *per se* a constitutional violation entitling him to post-conviction relief. The appellate court found it unnecessary to reach the question whether the failure to so admonish him was *per se* grounds for reversal for the reason that it found that the transcript of the proceedings in the circuit court showed that there was no substantial compliance with the provisions of Supreme Court Rule 402 (58 Ill. 2d R. 402). In addition to the failure to admonish with regard to the mandatory parole term, the appellate court noted that the record demonstrated that defendant was not admonished as to his right to confront witnesses against him; the right to persist in his plea of not guilty; the right to a trial of the matter (although it noted that defendant said he did not want a trial by jury); and that the circuit court failed to determine whether there had been any threats or coercion in the entry of the plea. The court concluded that "the plea of guilty to the burglary charge and resultant admission to the probation violation were therefore not entered knowingly and voluntarily," and that the court below improperly dismissed the post-conviction petition.

The People contend that an examination of the entire record shows that the guilty plea was voluntarily and intelligently made; that the appellate court improperly considered errors not raised in the post-conviction petition; and that because the record shows that the guilty

plea was voluntarily and intelligently made, the failure to warn of the mandatory parole period does not show a substantial violation of defendant's consitutional rights.

In order that defendant be entitled to post-conviction relief, he would be required to show "a substantial denial of his rights under the Constitution of the United States or of the State of Illinois." (Ill. Rev. Stat. 1975, ch. 38, par. 122—1.) As the court said in *People v. Reeves* (1971), 50 Ill. 2d 28, 29, "The constitutional requirement, both *pre* and *post Boykin,* is that a plea of guilty be 'intelligent and voluntary.' *Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' (*Brady v. United States,* 397 U.S. 742, 747 footnote (4), 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1468.)" While there appears to be no reason for failure to comply strictly with the explicitly stated requirements of Rule 402, every deviation therefrom does not require reversal. That the plea was "intelligent and voluntary" may be shown by substantial, and does not require literal, compliance with the provisions of Rule 402. *People v. Krantz* (1974), 58 Ill. 2d 187.

The transcript of the proceedings when defendant entered the plea of guilty and was sentenced shows that he was admonished concerning his right to waive indictment, his right to a jury trial, that if found guilty on the charge he could be sentenced from 1 to 20 years and fined up to $10,000, and that if sentenced to the penitentiary he would be required to serve not less than 1 year before being entitled to parole. The assistant State's Attorney advised the court concerning the facts relevant to the offense and that defendant admitted that he had committed the burglary. The record shows, too, that it was stipulated that the offense was ground for revocation of the probation previously imposed when defendant pleaded

guilty to three counts of burglary. After defendant stated that he pleaded guilty to the charge, the court was advised that "the State has agreed in exchange for the plea of guilty on an information that they would recommend a sentence of one to three years" and that a concurrent term be imposed by reason of the revocation of probation. Following that statement by the assistant State's Attorney and the stipulation of defense counsel that the statement was correct, the court interrogated defendant concerning the waiver of a presentence investigation. The court accepted the plea, imposed sentence and admonished defendant pursuant to Rule 605(b) (58 Ill. 2d R. 605(b)).

Our examination of the transcript persuades us that despite the failure to admonish defendant concerning the mandatory parole period, the plea of guilty was intelligently and voluntarily made. The record shows clearly that defendant understood that the *quid pro quo* for the plea of guilty was the recommendation that there be concurrent sentences of 1 to 3 years, that defendant knew that the court was not bound to accept the recommendation and could sentence defendant to a term of not less than 1 nor more than 20 years. The indeterminate sentence imposed, together with the mandatory parole period, are substantially less than the maximum of 20 years to which defendant knew he could be sentenced. Under these circumstances we hold that the record fails to show that defendant was denied a substantial constitutional right under either the Constitution of the United States or the Constitution of Illinois.

We have considered defendant's argument that *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180, and *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185, require affirmance of the judgment of the appellate court. The facts here are, however, clearly distinguishable. It was not alleged in the amended post-conviction petition, nor asserted in defend-

ant's brief, that defendant had been promised anything more than a recommendation that the sentence be 1 to 3 years. In contrast, in *Baker* there was an agreement that the prison sentence would be 1 to 2 years (551 F.2d 180, 181) and in *Ferris* the defendant, in response to an inquiry directed to the court, was erroneously advised concerning the mandatory period of parole.

For the reasons stated, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.