THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE C. HALE, Defendant-Appellant.

Fifth District    No. 80-215

Opinion filed April 30, 1981.—Rehearing denied May 15, 1981.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, and Helaine Berger and David Cahill, law students (Shelvin Singer, of counsel), for appellant.

William Robin Todd, State's Attorney, of Louisville (Martin N. Ashley, Gillum Ferguson, and Nicholas G. Svalina, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant, Jimmie C. Hale, was charged by information in the circuit court of Clay County with felony theft on September 3, 1978. At a preliminary hearing defendant, represented by appointed counsel, pleaded guilty to the offense and was placed on two years' probation

pursuant to a plea agreement. Conditions of probation were that defendant was to serve 60 days in the county jail and to pay restitution and court costs within nine months. Defendant was brought before the trial court on several occasions for failure to make the ordered restitutionary payments. Each time defendant informed the court he would take care of the matter promptly, but by the time of the March 19, 1980, hearing it was undisputed that defendant had paid only $52 of the restitution and still owed in excess of $260. The trial court revoked defendant's probation and sentenced him to two years in the penitentiary. Defendant now appeals both the original guilty plea and the revocation of probation, which was based upon the court's determination that defendant's refusal to pay restitution was willful.

■■ In view of the fact that the trial court, after sentencing defendant to probation, failed to admonish him of his right to appeal, as required by Supreme Court Rule 605(b) (73 Ill. 2d R. 605(b)), we have concluded that we should consider defendant's appeal of his original conviction upon his plea of guilty. (See *People v. Pulley* (1979), 75 Ill. App. 3d 193, 394 N.E.2d 47.) The issue raised in appeal of this conviction is whether Supreme Court Rule 402 (73 Ill. 2d R. 402) was substantially complied with at the time defendant's guilty plea was accepted. Defendant contends it was not, but we must disagree.

Rule 402 in pertinent part provides:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) * * * The court shall * * * first * * * determin[e] that [defendant] understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence * * *

(3) that the defendant has the right to plead not guilty, * * *

(4) * * * by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him.

(b) * * * The court shall * * * first determin[e] that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court.

(c) * * * The court shall * * * first determin[e] that there is a factual basis for the plea."

Rule 402 was designed to give effect to *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. That case requires that the record unequivocally reveal a knowing and intelligent waiver of constitutional rights before a guilty plea is accepted. It is agreed that the requirements of Rule 402 are stricter than those of *Boykin* and its progeny.

Thus if Rule 402 is complied with only substantially, and not strictly, it may nevertheless comply with the constitutional requirements expressed in *Boykin*.

■■ The first requirement of Rule 402 is that a defendant understand the nature of the charge against him. When asked for a factual basis for the plea the prosecutor stated that "defendant knowingly exerted unauthorized control over currency in excess of $150 belonging to Paula Merritt with the intent to permanently deprive her of the property." The defendant then responded that there was nothing about that charge which was incorrect. Even though it is not necessary to admonish an accused as to the specific intent required (*People v. Bennett* (1980), 82 Ill. App. 3d 596, 403 N.E.2d 50), we find that the prosecutor's statements that "defendant *knowingly* exerted unauthorized control" and that he had an "*intent* to permanently deprive" (emphasis added) did inform defendant of the required mental state. We are therefore of the opinion that there was compliance with this requirement of Rule 402, because where "recital * * * of the anticipated prosecutive evidence made clear what * * * the People expected to prove * * * [then] [t]he essentials have been complied with if an ordinary person in the circumstances of the accused would understand [the remarks] as conveying the information required by [Rule 402.]" *People v. Krantz* (1974), 58 Ill. 2d 187, 193, 317 N.E.2d 559, 563.

Defendant also contends that he was not advised of the minimum and maximum sentence which he could receive for the crime charged. Defendant was told at the time of his first appearance that he was charged with a Class 3 felony for which he could receive a $10,000 fine and a prison sentence of from two to five years. The court failed to admonish defendant about this again at the time the guilty plea was entered approximately one month earlier. However, since defendant was represented by counsel at the time the guilty plea was negotiated and accepted, reversible error would occur only if he can establish that he was actually unaware of the possible punishment (*Krantz*), and there is no indication that this happened here. In addition the trial court here admonished defendant just prior to accepting the guilty plea that if his probation were revoked he "could be sent to prison for five years * * * [then] be required to serve one year of mandatory court supervision and * * * fined $10,000." This court has previously held that where a trial court informs defendant of the maximum sentence but neglects to state the minimum sentence, harmless error has occurred. (*People v. Ward* (1971), 1 Ill. App. 3d 888, 275 N.E.2d 256.) Similarly, where, as here, defendant is aware of the maximum sentence that can be imposed upon revocation of probation, any error was harmless, and there was substantial compliance with this provision of Rule 402.

■■ Defendant next asserts that before accepting the guilty plea the court

failed to advise him of his right to plead not guilty and that by pleading guilty he was waiving his right to trial by jury and his right to confront witnesses against him. In this case defendant signed a written waiver of his right to jury trial in open court. In addition the trial court had questioned defendant at length, and there was nothing in the record to contradict the voluntary character of the plea. Under such circumstances we agree with the court in *People v. Anderson* (1973), 10 Ill. App. 3d 558, 294 N.E.2d 763, which held that failure to admonish defendant that he could plead not guilty and confront witnesses against him did not vitiate substantial compliance with Rule 402. This is especially true where, as here, defendant was represented by counsel during plea negotiations, the very nature of which indicate a knowledge by defendant of his rights.

■■ Defendant contends that the trial court failed to determine that a factual basis existed for the plea. We cannot agree. The trial court asked if there was a factual basis for the plea, to which the state's attorney replied:

"On or about September 3, 1978, the defendant knowingly exerted unauthorized control over property of Paula Merritt, being U.S. currency having a total value of more than $150.00 intending to deprive Paula Merritt permanently of the use and benefit of the property. Said act occurred in Clay County."

Although this was little more than a paraphrase of the charge, it does set forth what was taken, when it was taken, from where it was taken, and from whom it was taken. Since the defendant admitted that these facts were correct, he admitted that he intended to deprive the victim of her property. When that response is coupled with the prosecution's summary of the facts a sufficient factual basis for the plea was given. (*People v. Hudson* (1972), 7 Ill. App. 3d 800, 288 N.E.2d 533.) For the reasons stated we find that Rule 402 was substantially complied with.

Defendant's final contention is that the trial court could not properly have found his failure to pay restitution to be willful. While it is an axiom of law that a person cannot be sent to jail merely because his indigency prevents him from paying a fine, we do not believe that this occurred here. Defendant disputes neither the amount owed nor his obligation to make payment, yet his complete unconcern for carrying out the terms of his negotiated plea is evidenced by his numerous failures to appear before the trial court when ordered to do so and by his numerous broken promises to the court, which had given him several liberal extensions of time in which to pay. Defendant maintains that his failure to sell his automobile, as he had promised to do, was not evidence of a willful failure to pay, because without the car all opportunity for employment would evaporate. However, his failure to find and maintain employment indicate that the car was not being used for such productive purposes. Furthermore, defendant's own testimony indicates that although he is a

high school graduate, he made little effort to find more than sporadic employment. In addition, at the February 20, 1980, hearing defendant stated he had made $2 per hour for tearing down a house, but at the March 19, 1980, hearing he stated that he made only $1.25 per hour for that work, and denied having made the earlier statement which he had in fact made. Perhaps the most telling evidence against defendant with regard to his paying restitution is the fact that in a period of about 18 months he paid only $52. It flies in the face of common sense to claim that in that period of time an able-bodied man could earn only $52 for court-ordered restitution. He not only was not trying, he obviously intended not to pay. Wilfulness simply emerges from the facts.

In view of the fact that defendant was able to maintain a car but did not use it to pursue employment opportunities, defendant's failure to pay and lack of effort in that regard, and defendant's lack of candor with the trial court, there was sufficient evidence for the trial court to find a willful refusal to pay.

Affirmed.

HARRISON and KARNS, JJ., concur.


SUPPLEMENTAL OPINION ON REHEARING

Mr. JUSTICE JONES delivered the opinion of the court:

On April 30, 1981, this court entered an order affirming the revocation of defendant Jimmie C. Hale's probation for the offense of felony theft. Defendant was resentenced to two years' imprisonment. In his petition for rehearing defendant points out that this court failed to address his contention that the two-year sentence of imprisonment was excessive. We have granted rehearing in order to address this issue.

Although we did inadvertently fail to address that issue in our opinion, it was not because we failed to consider the merits of that claim. We do not believe that the two-year sentence imposed here was an abuse of discretion, given the circumstances of the offense and defendant's prior record for thefts. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) We note, too, that the sentence imposed was the minimum term of imprisonment. We therefore affirm the sentence imposed by the trial court.

Affirmed.

HARRISON and KARNS, JJ., concur.