THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROGER D. LOUDERBACK, Defendant-Appellant.

Fourth District   No. 4—85—0091

Opinion filed October 10, 1985.

McCULLOUGH, J., specially concurring.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas K. Leeper, State's Attorney, of Quincy (Robert J. Biderman and Denise M. Ambrose, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On April 30, 1984, defendant, Roger D. Louderback, was charged by information in the circuit court of Adams County with the offense of indecent liberties with a child. On December 10, 1984, defendant entered a plea of guilty to the charge, which was accepted by the trial court. Defendant was subsequently sentenced on January 28, 1985, to a term of four years' imprisonment. He orally requested to withdraw his plea of guilty on January 31, 1985, and, following a hearing on February 7, 1985, the motion was denied.

Defendant appeals, contending: (1) his plea of guilty was not knowingly and voluntarily made, because, at the time he entered his plea, the trial court did not admonish him regarding either the statutorily prescribed penalties or the mandatory supervised release term; and (2) the trial court considered improper evidence in imposing a sentence of imprisonment rather than probation. We vacate the conviction and sentence and remand to the trial court.

At defendant's arraignment on July 10, 1984, the trial court fully admonished defendant as to the nature of the offense, the minimum and maximum terms of imprisonment, and the mandatory supervised release term. On December 4, 1984, a hearing was held on defendant's motion to suppress statements made to the police in violation of his fourth amendment rights. The State confessed error, and the motion was granted.

On December 10, 1984, the parties tendered a negotiated plea of guilty to the court. The proposed agreement would have bound the court to a sentence of probation. The court refused to accept the agreement noting that the act of sexual intercourse with a child under 16 years of age was a Class 1 felony. The parties then renewed negotiations and, on the same day, presented a new plea agreement to the court. The terms of the agreement provided that defendant would plead guilty to the offense with the understanding that he could receive no greater prison sentence than four years.

■ Prior to accepting defendant's plea, the court admonished defendant as required by Supreme Court Rule 402 (87 Ill. 2d R. 402). Defendant claims the admonitions were inadequate because (1) the court did not explain the minimum and maximum sentences prescribed by law, and (2) the court did not inform him that he was subject to a term of mandatory supervised release following his imprisonment.

Supreme Court Rule 402 states in part:

"The court shall not accept a plea of guilty without first, by ad-

dressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." (87 Ill. 2d R. 402(a).)

The supreme court has said that there need be "only substantial, not literal, compliance" with the provisions of the Rule. (*People v. Krantz* (1974), 58 Ill. 2d 187, 192, 317 N.E.2d 559, 562.) In addition, the entire record may be considered in determining whether there was an understanding by the accused of admonishments. *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559.

■ We have held previously, that ordinarily, admonitions given to the defendant at earlier proceedings in a particular case cannot be relied upon to remedy a lack of admonitions at the plea hearing in the same case. (*People v. Porter* (1978), 61 Ill. App. 3d 941, 378 N.E.2d 788.) There, the State argued that the entire record, including the arraignment, showed substantial compliance with the Rule. We disagreed and reversed the trial court's denial of defendant's motion to vacate judgment and withdraw his plea of guilty. Similar arguments by the State were raised and rejected in *People v. Sutherland* (1984), 128 Ill. App. 3d 415, 470 N.E.2d 1210.

■ The purpose of Rule 402 admonitions is to ensure defendant's understanding of the plea, the rights he is waiving by so pleading, and the results of his actions. In *People v. Ray* (1984), 130 Ill. App. 3d 362, 471 N.E.2d 933, we determined that defendant's demonstration of his understanding of the admonitions at a hearing held five days before the entry of his plea of guilty was sufficient to amount to substantial compliance in that case. We noted that each case must be determined on its own peculiar circumstances with the principal focus upon the length of time between the admonition and the plea. In *Ray*, a five-day lapse was not considered to be inordinate. Here, the lapse was five months.

Substantial compliance to Rule 402 was found in *People v. Hale* (1981), 96 Ill. App. 3d 187, 420 N.E.2d 1100, where the defendant argued he was not advised, at the time he entered his guilty plea, of the minimum and maximum sentences he could receive for the crime charged. There, the defendant did not testify that he misunderstood the admonitions given one month prior to the entry of his guilty plea, and the court noted that he was admonished, prior to accepting the plea, of the maximum sentence of imprisonment that could

be imposed.

Here, defendant testified, at the motion to withdraw his plea, that he had been confused by the court's statement that his attorney could argue at the sentencing hearing "for anything less than four years in the penitentiary." Although the plea agreement specified that the court could not sentence defendant to "*more*" than four years' imprisonment (emphasis added), defendant testified that he understood the court's language to mean that he could receive a sentence of between one and four years' imprisonment. This interpretation is not outside the realm of reason. The language was ambiguous as to, at least, the minimum sentence of imprisonment the defendant could expect to receive.

■ Defendant argues that, in addition to the court's failure to properly admonish him as to the minimum and maximum sentences he could receive, the court also failed to inform him of the mandatory supervised release term which would be attached to his sentence. Defendant claims that the admonitions given at his arraignment hearing could not be relied upon to remedy the lack of these admonitions at the change of plea hearing. We agree.

An accused cannot be said to have intelligently and voluntarily entered his plea of guilty, where no mention was made, at the time he entered his plea, that he would also be subject to a term of mandatory supervised release.

■ The supreme court has held that substantial compliance existed where the record clearly showed that defendant understood that the indeterminate sentence imposed, together with the mandatory parole period, were substantially less than the maximum to which defendant knew he could be sentenced. (*People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696.) Here, under the terms of the plea agreement, defendant was informed that he could not be sentenced to "any more than four years" imprisonment. Defendant subsequently received the four-year term of imprisonment plus the two-year term of mandatory supervised release. Thus, defendant cannot be said to have been informed of his entire sentence in substantial compliance with Rule 402.

■ Considering the lack of admonitions both as to the minimum sentence and the mandatory supervised release, we conclude that the trial court committed reversible error in not permitting defendant to withdraw his plea of guilty.

Defendant's claim of error concerning evidence which the trial court considered in sentencing is unlikely to arise at a subsequent hearing. The trial court read the presentence report's summary of a

suppressed statement made by defendant to the police as well as certain uncorroborated statements made by the victim to the police in determining the propriety of a sentence of probation. No objection was made, and we do not deem it appropriate to pass upon the questions of plain error.

Accordingly, we vacate the judgment entered on the plea of guilty and the sentence imposed and remand to the trial court to permit defendant to withdraw his plea. The plea agreement would stand as a nullity, and the State is at liberty to proceed with prosecution.

Conviction and sentence vacated, cause remanded with directions.

WEBBER, J., concurs.

JUSTICE McCULLOUGH, specially concurring:

There was substantial compliance with Supreme Court Rule 402 insofar as the sentence of the defendant to four years in the penitentiary. There was not substantial compliance with respect to the two-year mandatory supervised release period.

With respect to the sentence admonishment, the following transpired:

(a) The defendant was admonished at arraignment that he could receive a penalty of four to 15 years in the penitentiary;

(b) the trial judge refused to concur in a plea agreement under which defendant would be sentenced to probation;

(c) a plea agreement was entered into, and conditionally concurred in by the trial judge, which provided four years' imprisonment as the maximum sentence;

(d) at the sentencing hearing, the State's Attorney recommended and asked that the defendant be sentenced to four years in the penitentiary; the defendant's attorney indicated that the defendant should be placed on probation;

(e) at the sentencing hearing and prior to sentencing, the court and the defendant went through the following litany:

"Q. Mr. Lauderback, is there anything that you would like to say to me at this time?

A. No your honor.

Q. Nothing at all?

A. I can't think of anything."

(f) At the hearing on the post-trial motion, the defendant

testified that he remembered the judge told him at arraignment that he could get four to 15 years. Defendant then made the self-serving statement that he did not remember this at the time he entered his plea. He admitted, however, that his attorney had, on more than one occasion, readvised him of the minimum and maximum term of incarceration provided by statute; on the day he pleaded guilty he had discussed with his counsel what sentencing alternatives would be available to the court under the terms of the plea agreement; and at no time had his counsel told him he would receive a sentence of imprisonment of less than four years.

Also, in *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696, the supreme court stated:

"While there appears to be no reason for failure to comply strictly with the explicitly stated requirements of Rule 402, every deviation therefrom does not require reversal. That the plea was 'intelligent and voluntary' may be shown by substantial, and does not require literal, compliance with the provisions of Rule 402. *People v. Krantz* (1974), 58 Ill. 2d 187." (74 Ill. 2d 398, 402, 385 N.E.2d 696, 698.)

As to this alleged inadequacy in admonishments, I respectfully disagree.

With respect to the failure to admonish as to the mandatory supervised release period, however, I concur in the majority's conclusion that the plea must be vacated. We must confine ourselves to the record which was made at the time of the change of plea, when the defendant was admonished that he could be sentenced to, at most, four years in the penitentiary. The *McCoy* court found that at the time of the change of plea, the defendant had been admonished of a term which was more than the defendant actually received including the parole period or mandatory supervised release period. In that context, the *McCoy* court found substantial compliance with Rule 402. The defendant here *agreed* to a maximum of four years in the penitentiary. It is only because the trial court failed to admonish the defendant at the time of the change of plea that he would receive a two-year mandatory supervised release period, in addition to the four-year term in the penitentiary, that I concur in the result reached by the majority.