NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 170278-U

NO. 4-17-0278

FILED
November 14, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JAYSON J. JOHNSON, | ) | No. 12CF1154 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Holder White and Justice Harris concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment.

¶ 2        In August 2013, defendant was convicted of three counts of unlawful delivery of a controlled substance and two counts of unlawful possession with the intent to deliver a controlled substance within 1000 feet of a public park. The trial court sentenced defendant to concurrent terms of 8, 10, and 12 years in prison for the unlawful delivery of a controlled substance offenses. The court merged the unlawful possession with intent to deliver counts and sentenced defendant to 25 years in prison for that offense. In September 2015, this court affirmed on direct appeal. *People v. Johnson*, 2015 IL App (4th) 131056-U. On January 30, 2017, defendant filed a successive postconviction petition alleging actual innocence. On March 13, 2017, the trial court dismissed defendant's petition.

¶ 3        On appeal, the Office of the State Appellate Defender (OSAD) moved to

withdraw its representation of defendant, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987),

contending an appeal in this cause would be without merit.  We grant OSAD's motion and affirm

the trial court's judgment.

¶ 4                            I. BACKGROUND

¶ 5        In July 2012, the State charged defendant Jayson Johnson with three counts of

unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2010)) and one count of

unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c)(1)

(West 2010)).  Later that month, the State charged defendant with two additional counts of

unlawful possession with the intent to deliver within 1000 feet of a public park (720 ILCS

570/407(b)(1) (West 2010)).  A jury found defendant guilty of three counts of unlawful delivery

of a controlled substance and two counts of unlawful possession with the intent to deliver a

controlled substance within 1000 feet of a public park.

¶ 6        In October 2013, the trial court sentenced defendant to concurrent terms of 8, 10,

and 12 years in prison for the unlawful delivery of a controlled substance offenses.  The court

merged the unlawful possession with intent to deliver counts and sentenced defendant to 25 years

in prison for that offense.  As the parties are familiar with the facts in this case and this court

previously summarized those facts in *People v. Johnson*, 2015 IL App (4th) 131056-U, we will

not repeat them here except as necessary.  We do note the State relied on a confidential

informant, Christopher Riggs, who testified he made controlled drug buys from defendant.

¶ 7        On direct appeal, defendant made the following arguments:  (1) the trial court

violated his right to present a defense; (2) the State failed to correct false testimony denying

defendant a fair trial; and (3) trial counsel was ineffective for failing to timely surrender

defendant in exoneration of his bond. *Johnson*, 2015 IL App (4th) 131056-U, ¶ 3. This court affirmed the trial court's judgment. *Johnson*, 2015 IL App (4th) 131056-U, ¶ 54. In addition, this court commented on the fact the evidence against defendant was overwhelming, stating:

> "Darr testified to searching Riggs and his vehicle prior to each of the three drug buys. Darr, or other officers, conducted surveillance of Riggs, before, during, and after the transactions with defendant. Upon return, Riggs no longer had the prerecorded funds but did have bags of heroin. On the date of the arrest, officers found defendant with 17 plastic bags of heroin in his possession, packaged ready for sale. He also had two cellular phones and $1,200 in cash, both indicative of a drug dealer. A search of defendant's residence revealed 4 digital scales; over 900 plastic sandwich bags, some with missing corners; and heroin residue on a plate." *Johnson*, 2015 IL App (4th) 131056-U, ¶ 42.

¶ 8 In June 2015, defendant filed a *pro se* postconviction petition, raising 21 claims, including claims of ineffective assistance from both his trial counsel and appellate counsel on direct appeal. In September 2015, the trial court summarily dismissed defendant's petition. Defendant appealed, and this court affirmed the dismissal. *People v. Johnson*, 2017 IL App (4th) 150753-U, ¶ 34.

¶ 9 On January 30, 2017, defendant filed the successive postconviction petition which is the subject of this appeal, making an actual innocence claim. Defendant attached affidavits from himself, Stephanie Marshall, and Kate Hubble. Defendant alleged he unsuccessfully tried to convince Hubble to come forward. Defendant argued Hubble's affidavit challenged the State's evidence, and he requested an evidentiary hearing.

¶ 10 In the affidavit, Hubble stated defendant was her driver in 2012, driving her to

various locations and dropping things off for her. She supplied defendant with heroin to support his drug habit. Hubble stated she used and sold heroin at that time. Hubble claimed she knew Riggs and sold him drugs over a dozen times for money and sexual favors. In July 2012, she spoke to Riggs and agreed to meet him in the County Market parking lot. While in the parking lot, she gave defendant a plastic bag containing packages of heroin and told defendant to get one of the packages to use before she went inside the store. When she left the store, she saw defendant being arrested. She monitored the criminal proceedings against defendant and wanted to come forward to admit the drugs were hers, but she was upset with defendant because he was not paying bills with money she gave him.

¶ 11        On March 23, 2017, the trial court dismissed defendant's petition, noting newly discovered evidence supporting an actual innocence claim cannot have been known about by the defendant at the time of trial. Because defendant knew about Hubble and her alleged ownership of the drugs before his trial, this evidence is not considered "newly discovered" for purposes of an actual innocence claim. Further, the court noted Hubble's affidavit would not exonerate defendant of the offense of possession with the intent to deliver heroin on July 18, 2012. When the police arrested defendant, he had two cell phones, a knife, 17 baggies of heroin, and $1200 in cash. Further, nothing in the three affidavits attached to defendant's successive postconviction petition affected the overwhelming evidence of the heroin sales on July 10, 12, and 13, 2012. The court found defendant's actual innocence claim was frivolous and patently without merit.

¶ 12        This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14        On appeal, OSAD has filed a motion to withdraw as counsel and has included a supporting memorandum. Proof of service has been shown on defendant. This court granted

defendant leave to file a response to OSAD's motion on or before May 3, 2019. The deadline was later extended to July 22, 2019. On July 18, 2019, defendant mailed his response from the Danville Correctional Center. It was filed on July 22, 2019. On August 28, 2019, the State filed its own brief. Based on our examination of the record, we conclude, as has OSAD, an appeal in this cause would be meritless.

¶ 15        The Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). Relief under the Act is only available for constitutional deprivations that occurred at the defendant's original trial. *People v. Guerrero*, 2012 IL 112020, ¶ 14, 963 N.E.2d 909.

¶ 16        Consistent with the above principles, the "Act generally contemplates the filing of only one postconviction petition." *People v. Ortiz*, 235 Ill. 2d 319, 328, 919 N.E.2d 941, 947 (2009). The Act expressly provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2016); see also *People v. Pitsonbarger*, 205 Ill. 2d 444, 458, 793 N.E.2d 609, 620-21 (2002) (stating "the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute"). A defendant faces "immense procedural default hurdles when bringing a successive postconviction petition," which "are lowered only in very limited circumstances" as successive petitions "impede the finality of criminal litigation ***." *People v. Davis*, 2014 IL 115595, ¶ 14, 6 N.E.3d 709.

¶ 17        Our supreme court has held the bar to successive petitions may be relaxed if a petitioner puts forth a colorable claim of actual innocence. See *People v. Edwards*, 2012 IL 111711, ¶ 23, 969 N.E.2d 829. "The elements of a claim of actual innocence are that the

- 5 -

evidence in support of the claim must be 'newly discovered'; material and not merely cumulative; and of such conclusive character that it would probably change the result on retrial." *Edwards*, 2012 IL 111711, ¶ 32. "Newly discovered evidence is evidence that was unavailable at trial and could not have been discovered sooner through due diligence." *People v. Harris*, 206 Ill. 2d 293, 301, 794 N.E.2d 181, 187 (2002).

¶ 18        As OSAD points out in its supporting memorandum, our supreme court has not specifically stated what standard of review should be applied in a case like this. In *Edwards*, the supreme court stated:

> "Generally, decisions granting or denying 'leave of court' are reviewed for an abuse of discretion. [Citation.] However, as we have just noted, a trial court should deny leave only in cases where, as a matter of law, no colorable claim of actual innocence has been asserted. This suggests a *de novo* review. We need not decide this question in this case, however. Petitioner's claim of actual innocence here fails under either standard of review. His supporting documentation is too insufficient to justify further proceedings. We therefore leave this issue for another day and a more appropriate case." *Edwards*, 2012 IL 111711, ¶ 30.

As OSAD points out to this court, the same is true in this case.

¶ 19        We do note it does not appear defendant requested leave to file his successive petition, and the trial court neither granted nor denied leave. Instead, the court simply dismissed defendant's successive petition. However, this does not change the result in this case. According to the trial court's written order:

> "The petitioner has failed to establish that the evidence he is relying on constitutes new, material and non-cumulative evidence, and failed to establish that

the evidence he asserts in support [of] his claim is of such a conclusive character as would probably change the result on retrial[.] Therefore, his actual innocence claim is frivolous and patently without merit[.]"

¶ 20 Evidence does not qualify as "newly discovered" if the defendant knew about the evidence before or at the trial. *People v. Barnslater*, 373 Ill. App. 3d 512, 523, 869 N.E.2d 293, 303 (2007). Defendant clearly knew about Kate Hubble and the information in her affidavit prior to his trial. As a result, the information in her affidavit does not qualify as newly discovered evidence. Regardless, as noted by the trial court, the information in Hubble's affidavit would not exonerate defendant of the offenses of which he was convicted in this case.

¶ 21 We agree with OSAD's assertion no colorable argument can be made defendant pled a sufficient claim of actual innocence in his successive postconviction petition.

¶ 22                                   III. CONCLUSION

¶ 23 For the reasons stated, we grant OSAD's motion and affirm the trial court's judgment.

¶ 24 Affirmed.