NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 180087

NO. 4-18-0087

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 9, 2019
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| ROBERT AKERS, | ) | No. 05CF322 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Mark S. Goodwin, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1  *Held:*  The appellate court granted appellate counsel's motion to withdraw and affirmed the trial court's judgment.

¶ 2  In July 2006, a jury found defendant Robert Akers guilty of four counts of first degree murder (720 ILCS 5/9-1 (West 2004)) and escape (720 ILCS 5/31-6 (West 2004)). In October 2006, the trial court merged the first degree murder counts and sentenced defendant to concurrent terms of 30 years for first degree murder and 5 years for escape. In March 2008, this court affirmed defendant's convictions on direct appeal. *People v. Akers*, No. 4-06-0926 (2008) (unpublished order under Illinois Supreme Court Rule 23). On December 19, 2017, defendant requested leave to file the successive postconviction petition at issue in this appeal. On January 9, 2018, the trial court denied defendant's request for leave. Defendant appealed.

¶ 3  On appeal, the Office of the State Appellate Defender (OSAD) moved to

withdraw its representation of defendant, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), contending an appeal in this cause would be without merit. We grant OSAD's motion and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5            On May 22, 2005, a group of people including defendant and the victim in this case, Larry Brougher, gathered for a cookout. During the gathering, Brougher questioned defendant about items stolen from Brougher's mother's yard. A verbal argument and then a physical altercation ensued. William Fleming got between defendant and Brougher. While Fleming was holding Brougher's shoulders, defendant hit Brougher on the head with a machete. Defendant was taken into custody and escaped from a police officer's squad car before being reapprehended. Brougher later died. Defendant was found guilty of first degree murder and escape and sentenced to concurrent terms of prison on each offense. This court affirmed the trial court's judgment in defendant's direct appeal. *Akers*, No. 4-06-0926 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6            Defendant filed his first postconviction petition in 2009. Among other issues, defendant argued his trial counsel was ineffective for failing to cross-examine a witness, Joshua Palomo, with the witness's own prior statement. Defendant claimed Palomo's statement contained mitigating evidence. According to defendant, "Palomo[']s taped statement clearly shows that the victim went towards the petitioner after the initial altercation had got broken up, and that the petitioner openly stated to keep the victim off of him." Defendant claimed Palomo's prior statement would have helped defendant show he acted under a sudden and intense passion resulting from the victim's provocation. Instead, trial counsel cross-examined Palomo with someone else's statement.

¶ 7    Defendant attached a copy of Palomo's statement to his petition. He also argued his appellate counsel was ineffective for not raising this issue in defendant's direct appeal. During the second stage of proceedings, defendant's appointed counsel filed an amended petition and included this issue. The trial court granted the State's motion to dismiss the petition. Defendant appealed the dismissal. However, his appellate counsel did not make an argument regarding trial counsel's alleged ineffectiveness. *People v. Akers*, 2014 IL App (4th) 120939-UB.

¶ 8    In June 2015, defendant filed a motion in the trial court asking for leave to file a successive postconviction petition. Defendant noted the attorney who represented him in the appeal from the dismissal of his first postconviction petition failed to make arguments on the issues defendant raised in his petition. On September 11, 2015, the trial court dismissed defendant's petition to file a successive petition for postconviction relief. Defendant appealed, arguing he should have been given leave to file his successive petition because he established "cause" and "prejudice" with regard to his claim his trial counsel was ineffective for not retaining a pathologist for the defense. *People v. Akers*, 2017 IL App (4th) 150806-U, ¶ 2. Defendant also argued the circuit clerk improperly imposed fines against him. This court found the trial court did not err in not allowing defendant to proceed on the claim his trial counsel was ineffective for not retaining a pathologist because the claim was included in defendant's initial postconviction petition, which the trial court dismissed. *Akers*, 2017 IL App (4th) 150806-U, ¶ 2. This court did vacate fines improperly imposed by the circuit clerk. *Akers*, 2017 IL App (4th) 150806-U, ¶ 2.

¶ 9    On December 19, 2017, shortly after this court issued the above order, defendant requested leave to file another successive postconviction petition. According to defendant, his

appellate counsel in appeal No. 4-15-0806 had refused to argue an issue he included in his successive petition. According to the second successive petition:

> "Appellate counsel[']s failure to raise a claim that obviously had merit. Said issue was contained within Petitioner[']s first successive postconviction petition, wich [*sic*] was ineffective assistance of the same nature. In that appellate counsel on the original appeal from the denial of the petitioner[']s original post-conviction did not want to raise issues that obviously had merit. The issue at hand is [ ] trial counsel[']s failure to cross examine a witness (Josh Palomo) with the correct statement, wich [*sic*] contained mitigating information, wich [*sic*] would have brought about testimony that could have swayed the jury[']s decision towards the lesser offence [*sic*] of 2nd degree murder. Original postconviction appellate counsel refused to file this issue, among others. Appellate counsel's refusal is what led to the first successive postconviction, so as not to have said issues forfeited. Here again[,] we encounter the same issue with this attorney, as she did not want to file this issue. Again[,] petitioner cannot afford to have this issue forfeited."

Defendant pointed out his trial counsel attempted to question witness Josh Palomo with the prior statement of another witness, Travis Miles, instead of with Palomo's prior statement. Defendant argued this amounted to ineffective assistance of trial counsel because defendant needed to show he was provoked by the decedent. According to defendant, Palomo's prior statement included mitigating evidence which was material to his defense and could have changed the outcome of the trial.

¶ 10　　　　As for the "cause" and "prejudice" test, defendant argues he showed "cause"

- 4 -

because his claim did not receive a "full and final resolution" because of his appellate counsel's ineffective assistance. As for "prejudice," defendant argues appellate counsel's failure to raise the issue resulted in the issue's forfeiture. Defendant argues this issue had merit because of the mitigating evidence found in Palomo's prior statement which could have changed the result of the trial had the jury heard this information.

¶ 11    On January 9, 2018, the trial court denied defendant's December 19, 2017, request for leave to file his second successive postconviction petition.

¶ 12    This appeal followed.

¶ 13                                II. ANALYSIS

¶ 14    On appeal, OSAD has filed a motion to withdraw as counsel and has included a supporting memorandum. Proof of service on defendant has been shown. This court granted defendant leave to file a response to OSAD's motion on or before August 14, 2019. Defendant did not file a response.

¶ 15    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). Relief under the Act is only available for constitutional deprivations that occurred at the defendant's original trial. *People v. Guerrero*, 2012 IL 112020, ¶ 14, 963 N.E.2d 909.

¶ 16    Consistent with the above principles, the "Act generally contemplates the filing of only one postconviction petition." *People v. Ortiz*, 235 Ill. 2d 319, 328, 919 N.E.2d 941, 947 (2009). The Act expressly provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2016); see

also *People v. Pitsonbarger*, 205 Ill. 2d 444, 458, 793 N.E.2d 609, 620-21 (2002) (stating "the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute"). A defendant faces "immense procedural default hurdles when bringing a successive postconviction petition," which "are lowered only in very limited circumstances" as successive petitions "impede the finality of criminal litigation." *People v. Davis*, 2014 IL 115595, ¶ 14, 6 N.E.3d 709.

¶ 17    A successive postconviction petition may only be filed if leave of court is granted. 725 ILCS 5/122-1(f) (West 2016). To that end, section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2016)) provides, in part, as follows:

> "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *Davis*, 2014 IL 115595, ¶ 14, 6 N.E.3d 709.

¶ 18    As this court noted in defendant's prior appeal, a defendant cannot demonstrate "cause" for failing to raise a claim in his initial postconviction petition when the claim was included in his initial postconviction petition. *Akers*, 2017 IL App (4th) 150806-U, ¶ 19. Further, as OSAD points out in its memorandum of law in support of its motion for leave to

withdraw as counsel on appeal, defendant's trial counsel's mistake in attempting to cross-examine witness Joshua Palomo with a prior statement by another witness and his failure to cross-examine Palomo with Palomo's prior statement did not prejudice defendant. According to the portion of Palomo's statement which defendant attached to his first postconviction petition, the victim was not looking at defendant when defendant hit the victim in the head with the machete. Further, the victim had no idea he was going to get hit with the machete. According to Palomo's statement, Palomo had not seen anyone punch or threaten defendant before defendant hit the victim with the machete. Palomo also stated he was not aware of defendant being injured prior to him hitting the victim with the machete. As OSAD points out, Palomo's statement does not support a claim defendant hit the victim with the machete because of a serious provocation.

¶ 19                            III. CONCLUSION

¶ 20        For the reasons stated, we grant OSAD's motion and affirm the trial court's judgment.

¶ 21        Affirmed.