NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210377-U

NO. 4-21-0377

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 18, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| MARLONE D. PENDLETON, | ) | No. 09CF415 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Randall Rosenbaum, |
| | ) | Judge Presiding. |

---

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court's denial of defendant's motion for leave to file a successive postconviction petition was proper because (1) the defendant's proportionate penalties clause claim was barred by *res judicata* and (2) the defendant failed to demonstrate cause for his failure to raise this claim in a prior proceeding.

¶ 2    Defendant, Marlone D. Pendleton, appeals from the Champaign County circuit court's judgment denying him leave to file a successive petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2020)). Specifically, defendant argues the circuit court's conclusion he failed to demonstrate cause and prejudice was erroneous, and this court should therefore reverse and remand for further proceedings. The State argues the circuit court properly denied defendant leave based on his failure to demonstrate cause and prejudice. We affirm the circuit court's judgment.

¶ 3                          I. BACKGROUND

¶ 4        This court has twice discussed the underlying facts in this case. See *People v. Pendleton*, 2011 IL App (4th) 100186-U; *People v. Pendleton*, 2019 IL App (4th) 150149-U. Accordingly, we discuss only those facts necessary to resolve the issue presented in this appeal.

¶ 5        In March 2009, when defendant was 18, the State charged defendant by information with one count of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2), (d)(1) (West 2008)). The State additionally charged four other young men in connection with the alleged offense. Following a November and December 2009 joint jury trial, defendant was found guilty, and his codefendants were acquitted. In January 2010, the trial court sentenced defendant to 26 years in prison. Defendant appealed, arguing his sentence was excessive, and this court affirmed. *Pendleton*, 2011 IL App (4th) 100186-U.

¶ 6        Between March 2012 and January 2015, defendant filed an initial postconviction petition as well as multiple successive petitions—none of which were deemed to have merit by the trial court. This court affirmed the trial court's judgment regarding the latter of those petitions, concluding defendant had failed to satisfy the cause-and-prejudice test and had not raised a colorable claim of actual innocence. *Pendleton*, 2019 IL App (4th) 150149-U, ¶ 1.

¶ 7        In July 2019, defendant *pro se* filed an additional request to file a successive postconviction petition, which the trial court again denied. Defendant filed a notice of appeal and later, a motion to dismiss his appeal. This court allowed defendant's motion and dismissed his appeal.

¶ 8        In April 2021, defendant filed a motion for leave to file the successive petition at issue in this case. In the petition, defendant argued his 26-year sentence violated the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) as well as the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

Specifically, defendant alleged the trial court failed to properly consider his youth and overly relied on the deterrence factor at sentencing. The court entered a written order denying defendant's motion, finding the case law to which defendant cited was not applicable to criminal defendants over the age of 18 and defendant demonstrated neither cause for his failure to raise the claim in a prior proceeding nor prejudice resulting therefrom.

¶ 9       This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11      On appeal, defendant argues the trial court erred when it denied defendant's motion for leave to file a successive postconviction petition because he satisfied the cause-and-prejudice test. Specifically, defendant argues (1) substantive changes in Illinois law regarding juvenile sentencing constituted cause for his failure to raise his proportionate penalties clause claim because it was unavailable to him when he filed his initial petition for postconviction relief in 2012 and (2) his inability to raise the claim denied him due process. The State contends (1) defendant's brief does not comport with Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020) because it lacks an adequate statement of facts reflecting the evidence presented at sentencing, (2) defendant's claim is barred by the doctrine of *res judicata*, and (3) defendant has failed to establish cause and prejudice. We agree with the State and affirm the trial court's judgment.

¶ 12                    A. Defendant's Compliance with Rule 341

¶ 13      We first address the State's argument this court should decline to address defendant's claim because he failed to comply with Rule 341(h)(6). See *id.*

¶ 14      Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) sets forth the rules governing the contents and requirements for an appellant's brief. Specifically, Rule 341(h)(6)

states an appellant's brief "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). "The rules of procedure concerning appellate briefs are rules and not mere suggestions. [Citation.] It is within this court's discretion to strike the plaintiffs' brief and dismiss the appeal for failure to comply with Rule 341." *Niewold v. Fry*, 306 Ill. App. 3d 735, 737 (1999).

¶ 15 Although the State is correct defendant did not provide a detailed summary of the trial court's commentary at defendant's sentencing hearing, we conclude the statement provided was sufficient for the court's understanding of the issues presented in this case. Specifically, defendant included a short paragraph quoting from the trial court's consideration of defendant's youth at sentencing and provided an appropriate citation to the record. Additionally, defendant cited to this court's decision on direct appeal, which included some discussion of defendant's sentencing hearing. See *Pendleton*, 2011 IL App (4th) 100186-U, ¶¶ 9-10. Accordingly, defendant's statement of facts is sufficient for our review of the issue presented in this case.

¶ 16                                      B. *Res Judicata*

¶ 17 The State further argues defendant's argument is barred by the doctrine of *res judicata* because his claim was previously advanced and decided on direct appeal, albeit couched "in different constitutional terms." We agree.

¶ 18 The Act allows a criminal defendant to challenge the proceedings leading to his conviction based on a deprivation of his constitutional rights. 725 ILCS 5/122-1 (West 2020). Proceedings under the Act are collateral in nature and are subject to principles of *res judicata*, meaning that issues already raised and decided on direct appeal or in a prior proceeding are barred. *People v. Barrow*, 195 Ill. 2d 506, 529 (2001). The Act "was not intended to be used as a

- 4 -

device to obtain another hearing upon a claim of denial of constitutional rights where there has already been a full review of the issues raised \*\*\*. This is so, even though the present petition attempts to change the character of the questions previously advanced and decided, by describing them in different constitutional terms." (Internal quotation marks omitted.) *Id.* at 529. "A defendant cannot avoid the bar of *res judicata* by simply rephrasing issues previously addressed on direct appeal." *People v. Palmer*, 352 Ill. App. 3d 877, 884 (2004).

¶ 19 Here, defendant's proportionate penalties clause claim is barred by *res judicata*. Although he "attempts to change the character" of his claim by describing it in different constitutional terms, he essentially argues his sentence is excessive based on his youth and rehabilitative potential—a claim he raised on direct appeal and which this court rejected. See *id.*; *Pendleton*, 2011 IL App (4th) 100186-U, ¶ 1. We are not persuaded by defendant's argument his claim is not barred because his previous claim involved the trial court's failure to assign weight to the mitigating factor of youth versus his claim here involving the "evolving community standards" regarding emerging adults that have arisen since *Miller v. Alabama*, 567 U.S. 460 (2012). Defendant's claim in this case is not meaningfully distinguishable from that raised on direct appeal.

¶ 20                                                    C. Cause

¶ 21 Finally, even assuming for argument defendant's proportionate penalties clause claim is not barred, defendant has not demonstrated cause for his failure to raise his claim in a prior proceeding.

¶ 22                                              1. *Section 122-1(f)*

¶ 23 Section 122-1(f) of the Act provides the following:

"Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2020).

¶ 24 Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15. When the trial court has not held an evidentiary hearing, this court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. See *People v. Gillespie*, 407 Ill. App. 3d 113, 124 (2010).

¶ 25                                     2. Miller *and its Progeny*

¶ 26 Defendant argues he demonstrated cause warranting leave to file a successive postconviction petition because "the law and community standards around sentencing for teenagers have changed since the time he was sentenced in 2010." Specifically, defendant relies on the Supreme Court's holding in *Miller*, 567 U.S. 460, and subsequent Illinois case law interpreting *Miller*.

¶ 27 This court recently summarized the holding in *Miller* as follows:

"In *Miller*, 567 U.S. at 479, the Supreme Court held 'that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders,' *i.e.*, those under the age of 18. The court relied on previous decisions establishing that children are constitutionally different from adults for sentencing purposes. [Citations.] In setting forth its decision, the court stated as follows:

'Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys. [Citations.] And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it.' [Citation.]" *People v. Cortez*, 2021 IL App (4th) 190158, ¶ 38.

¶ 28 Following its holding in *Miller*, the Supreme Court held in *Montgomery v. Louisiana*, 577 U.S. 190, 208-09 (2016), that *Miller* set forth a substantive rule of constitutional law and therefore applies retroactively. The Illinois Supreme Court later determined that "to prevail on a claim based on *Miller* and its progeny, a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *People v. Buffer*, 2019 IL 122327, ¶ 27.

¶ 29 Further, "[a]lthough *Miller* and its progeny directly apply to only offenders under the age of 18, our supreme court has recognized that young adult offenders may raise an as-applied constitutional challenge [under the proportionate penalties clause of the Illinois Constitution] in a postconviction petition based on the evolving science on juvenile maturity and brain development which helped form the basis of the *Miller* decision." (Internal quotation marks omitted.) *Cortez*, 2021 IL App (4th) 190158, ¶ 42.

¶ 30 Our supreme court just last year released its opinion in *People v. Dorsey*, 2021 IL 123010, wherein the defendant appealed from the First District's judgment affirming the denial of his motion for leave to file a successive postconviction petition. *Id.* ¶ 1. As relevant to this case, the defendant argued his aggregate sentence of 76 years in prison for crimes committed when he was 14 years old violated the proportionate penalties clause of the Illinois Constitution as applied to him. *Id.* ¶¶ 4, 19, 68. The supreme court held the defendant failed to demonstrate cause for his failure to raise this argument in his initial postconviction petition as required by the Act. *Id.* ¶ 74. In reaching this conclusion, the supreme court held not only was the defendant's claim both (1) forfeited and (2) barred by the doctrine of *res judicata*, but also, "*Miller*'s

announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *Id.* ¶¶ 70, 74. The court reasoned as follows:

> "As defendant acknowledges, Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' " *Id.* ¶ 74 (quoting *People v. LaPointe*, 2018 IL App (2d) 160903, ¶ 59).

¶ 31　　　　　　　　　　　3. *Defendant Failed to Demonstrate Cause*

¶ 32　　　　　　Based on our supreme court's decision in *Dorsey*, we conclude defendant in this case has failed to demonstrate cause for his failure to raise his as-applied proportionate penalties clause claim in any of his previous postconviction petitions. Like the defendant in *LaPointe*, defendant's claim "does not rest on the new substantive legal rule that *Miller* created." *LaPointe*, 2018 IL App (2d) 160903, ¶ 58. While the Supreme Court's reasoning in *Miller* may have provided "some helpful support" (*id.* ¶ 59) for his proportionate penalties clause claim, its unavailability prior to 2012 did not prevent him from raising such a claim in a postsentencing motion, on direct appeal, or in his initial postconviction petition. We agree with the State "[t]he claim that [defendant's] youth was not adequately considered and that his sentence was disproportionate to his offense could have been raised in any of these earlier postconviction petitions" and "[t]he cases cited by defendant did not create a new right or create a constitutional right regarding proportionality under the Illinois constitution that had not previously existed."

¶ 33         We additionally reject defendant's argument *Dorsey* does not control here because that case involved a 14-year-old defendant sentenced to life in prison, rather than an emerging adult like defendant, and "the caselaw on the criminal culpability of functional juveniles, *i.e.*, emerging adults, developed more recently than the caselaw on criminal culpability and rehabilitative potential of literal juveniles, *i.e.*, legal minors." Although defendant is correct regarding the difference in age between he and the defendant in *Dorsey*, our supreme court's holding that the unavailability of *Miller* and its progeny does not constitute cause for a defendant's failure to raise a proportionate penalties clause claim in a prior proceeding is binding on this court, and we are not free to ignore it. We further decline defendant's invitation to depart from this court's recent decision in *People v. Haines*, 2021 IL App (4th) 190612, ¶ 57, *modified upon denial of reh'g*, in which we stated, "[T]he nonexistence of [case law involving emerging adult offenders] was no cause for defendant's failure to raise, in his initial postconviction proceeding, the proportionate-penalties claim that he seeks to raise now."

¶ 34         Because defendant cannot demonstrate cause, the trial court properly denied him leave to file a successive postconviction petition, and we need not address whether he demonstrated prejudice. See *Guerrero*, 2012 IL 112020, ¶ 15 (stating both prongs of the cause-and-prejudice test must be satisfied to obtain leave). Accordingly, we affirm the trial court's judgment.

¶ 35                                    III. CONCLUSION

¶ 36         For the reasons stated, we affirm the trial court's judgment.

¶ 37         Affirmed.