2021 IL App (1st) 190483

FIFTH DIVISION
MAY 28, 2021

No. 1-19-0483

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 12045 |
| | ) | |
| MAURICIO NAVARRO, | ) | Honorable |
| | ) | William G. Gamboney, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Hoffman and Rochford concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant-appellant Mauricio Navarro—convicted of first degree murder, attempted murder, and aggravated discharge of a firearm—appeals the denial of leave to file his successive postconviction petition. On appeal, the defendant argues that he established cause and prejudice sufficient to require consideration of his successive postconviction petition alleging that trial counsel was ineffective for failing to call an expert witness to testify about the reliability of eyewitness identifications. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 2                               BACKGROUND

¶ 3    On March 15, 2005, the defendant shot and killed Israel Lucena and shot at Fernando Escobedo near Diversey Avenue and Laramie Avenue in Chicago.[1] The evidence at trial revealed

---

[1]The facts of this case were set forth in detail in our prior order (*People v. Navarro*, 389

that two eyewitnesses identified the same person (not the defendant) as resembling the shooter in a photo array, before later identifying the defendant as the shooter in a photo array and lineup. Adam Garcia, who was with the defendant at the time of the shooting, also implicated the defendant in the shooting. At trial, the defendant did not present any evidence. The jury ultimately found the defendant guilty of first degree murder, attempted murder, and aggravated discharge of a firearm. The defendant was sentenced to an aggregate term of 80 years' imprisonment.

¶ 4     The defendant's direct appeal was unsuccessful and his 2010 postconviction petition was summarily dismissed. That dismissal was affirmed on appeal.

¶ 5     On August 27, 2018, the defendant sought leave to file a *pro se* successive postconviction petition alleging that trial counsel was ineffective for failing to call an expert to testify regarding the reliability of eyewitness identifications.

¶ 6     On January 18, 2019, the trial court denied the defendant leave to file his successive petition in a written ruling.[2] The defendant appealed.

¶ 7                                          ANALYSIS

¶ 8     We note that we have jurisdiction to review this matter, as the defendant timely appealed. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 9     The Post-Conviction Hearing Act (Act) allows a defendant who is imprisoned in a penitentiary to challenge his conviction or sentence on the grounds that it was the result of a denial

---

Ill. App. 3d 1146 (table) (unpublished order under Illinois Supreme Court Rule 23)), and we repeat only those necessary to resolve the issues on appeal.

[2]On the same date, the court also denied the defendant's *pro se* section 2-1401 petition for relief from judgment filed in October 2018. The defendant appealed this denial in his notice of appeal, but makes no argument for reversal in his brief. As such, it is forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

of his constitutional rights. 725 ILCS 5/122-1 (West 2016). The Act ordinarily contemplates the filing of a single postconviction petition (*People v. Brown*, 2017 IL App (1st) 150132, ¶ 35) and explicitly states that "any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived" (725 ILCS 5/122-3 (West 2016)). This is because successive postconviction petitions " 'plague the finality of criminal litigation.' " *Brown*, 2017 IL App (1st) 150132, ¶ 36 (quoting *People v. Tenner*, 206 Ill. 2d 381, 392 (2002)).

¶ 10    Because successive postconviction petitions are so disfavored, a defendant must obtain leave of court prior to filing such a petition. 725 ILCS 5/122-1(f) (West 2018). And a court should only grant leave where a defendant can show either (1) cause and prejudice for failure to raise the claim earlier or (2) a "fundamental miscarriage of justice," also known as a claim of actual innocence. See *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23. "Cause" is an objective factor that impeded the defendant's ability to raise the claim earlier (*People v. Guerrero*, 2012 IL 112020, ¶ 17), while "prejudice" occurs when the alleged constitutional error so infected the entire trial that the resulting conviction or sentence violates due process (*People v. Ortiz*, 235 Ill. 2d 319, 329 (2009)). We review *de novo* a trial court's denial of leave to file a successive postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 15.

¶ 11    In the defendant's successive postconviction petition, he contends that his trial counsel was ineffective for failing to call an expert to testify regarding the reliability of eyewitness identifications. To establish cause for failure to raise this claim earlier, the defendant points to the relationship between two cases addressing the use of expert testimony on eyewitness identification. In 1990, the supreme court decided *People v. Enis*, 139 Ill. 2d 264 (1990). In *Enis*, the court considered whether the trial court abused its discretion in refusing to allow a defense expert in eyewitness identification to testify at trial. *Id.* at 285. The court held that eyewitness identification

was an appropriate subject for expert testimony, but cautioned against its overuse, and concluded that the trial judge in that case did not abuse its discretion in barring the expert from testifying. *Id.* at 287-90.

¶ 12   Over 25 years later, our supreme court decided *People v. Lerma*, 2016 IL 118476, where the defendant also argued that the trial court erred in barring the defense expert in eyewitness identification from testifying. In *Lerma*, the court noted that in the years since *Enis* was decided, research had revealed serious problems with the reliability of eyewitness identifications and explained: "[W]hereas *Enis* expressed caution toward the developing research concerning eyewitness identifications, today we are able to recognize that such research is well settled, well supported, and in appropriate cases a perfectly proper subject for expert testimony." *Id.* ¶ 24. The court in *Lerma* concluded that it *was* an abuse of discretion for the trial court to refuse to admit expert testimony on eyewitness identification. *Id.* ¶ 27.

¶ 13   The defendant in this case maintains that *Lerma* marked a "massive shift" in the law regarding the reliability of eyewitness identification, justifying the defendant's failure to raise the issue of counsel's ineffectiveness earlier. In *Lerma*, the court urged more liberal *admission* on expert testimony in the area of eyewitness identification. *Id.* ¶ 24. In this case, the defendant does not argue that the trial court erred in failing to *admit* expert testimony in eyewitness identification. Instead, he argues that his counsel was ineffective for failing to *offer* expert testimony on eyewitness identification. This was not what *Lerma* established. *Enis*, which was decided in 1990, held that expert testimony on the issue of eyewitness identification was admissible in certain circumstances. Thus, the claim that the defendant's counsel was ineffective for failing to offer expert testimony on the subject of eyewitness identification was available to the defendant at the time of direct appeal in 2007, and he should, and could, have raised the issue in that appeal.

¶ 14 In support of his position, the defendant relies heavily on *People v. Wrice*, 2012 IL 111860. But *Wrice* is inapposite. There, the Illinois Supreme Court reversed the trial court's denial of the defendant's motion for leave to file a second successive postconviction petition where the defendant alleged that his confession was the result of torture. *Id.* ¶¶ 41, 90. While the defendant had made this allegation of torture at trial and in his previous postconviction petitions filed in 1991 and 2000, he supported his second successive postconviction petition with the newly released Report of the Special State's Attorney that was not available to him until 2006. *Id.* ¶¶ 29-31, 39-42. That report corroborated the defendant's specific allegations of torture. *Id.* ¶ 41.

¶ 15 Here, however, *Lerma* does not provide additional support for the defendant's claim that his counsel was ineffective for failing to offer expert testimony regarding eyewitness identification. *Lerma* only emphasized that expert testimony on this issue was "perfectly proper" "in appropriate cases." *Lerma*, 2016 IL 118496, ¶ 24. Further, unlike in *Wrice*, where the State *conceded* that the defendant established cause (*Wrice*, 2012 IL 111860, ¶ 49), in this case, the State makes no such concession.

¶ 16 We further note that the defendant's position is both substantively and facially inconsistent. On one hand, he argues that, prior to *Lerma*, the law did not favor the use of expert testimony regarding eyewitness identifications, On the other hand, he argues that his counsel was ineffective for failing to offer expert testimony on the issue at his trial that took place years before *Lerma* was decided. The defendant cannot have it both ways. Either *Lerma* marked a "massive shift" on the issue of expert testimony and eyewitness identification, such that counsel could not have been ineffective for failing to offer such expert testimony at trial, or it did not, and therefore, the defendant could, and should, have raised the issue of counsel's ineffectiveness on that basis on direct appeal.

¶ 17    Accordingly, we conclude that the defendant has not established cause for failure to raise his ineffective assistance of counsel claim earlier; thus, we need not determine if he was prejudiced.

¶ 18                              CONCLUSION

¶ 19    For the reasons stated, we affirm the ruling of the circuit court of Cook County denying the defendant's leave to file a second, successive postconviction petition.

¶ 20    Affirmed.

**No. 1-19-0483**

| | |
|---|---|
| **Cite as:** | *People v. Navarro*, 2021 IL App (1st) 190483 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 05-CR-12045; the Hon. William G. Gamboney, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and David T. Harris, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Janet C. Mahoney, and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People. |