NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200206-U

NO. 4-20-0206

FILED
September 14, 2021
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| BOBBY TATUM, | ) | No. 07CF968 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Heidi N. Ladd, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Cavanagh and Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court properly denied defendant leave to file a successive
postconviction petition.

¶ 2     In November 2019, defendant, Bobby Tatum, filed *pro se* his second motion for

leave to file a successive postconviction petition, asserting his trial counsel had a *per se* conflict

of interest.  In March 2020, the Champaign County circuit court dismissed defendant's petition,

finding defendant failed to satisfy the cause-and-prejudice test.

¶ 3     Defendant appeals, contending he made a *prima facie* showing of cause and

prejudice regarding his claim of a *per se* conflict of interest.  We affirm.

¶ 4                         I. BACKGROUND

¶ 5     In June 2007, the State charged defendant with two counts of aggravated battery

of a child (720 ILCS 5/12-4.3(a) (West 2006)) for his actions between March 1, 2007, and April

21, 2007, against S.D., the son of his girlfriend. The State also charged S.D.'s maternal aunt, Latasha Seets, with two counts of aggravated battery of a child, but those charges were later dismissed. People v. Seets, No. 07-CF-967 (Cir. Ct. Champaign County). A grand jury indicted defendant with the same two charges. The circuit court appointed the public defender to represent defendant. On July 3, 2007, Assistant Public Defender Janie Miller-Jones appeared on defendant's behalf. Miller-Jones represented defendant during the pretrial proceedings and at defendant's August 2007 jury trial. At the beginning of defendant's jury trial, the circuit court dismissed one of the aggravated battery of a child counts. The State presented the testimony of several witnesses, including S.D. and Seets. Seets admitted to hitting S.D. with a belt three times for taking a game memory card from her home but denied causing the injuries at issue. S.D. testified defendant "whupped" him after Seets left their home. S.D. testified it hurt and he screamed. Defendant did not present any evidence. The jury found defendant guilty of aggravated battery of a child.

¶ 6        Miller-Jones filed a posttrial motion and a supplemental posttrial motion. In her supplemental posttrial motion, Miller-Jones argued she was ineffective for not properly impeaching Seets. Miller-Jones admitted she knew Seets had been found unfit to stand trial and Seets's case had been dismissed. Miller-Jones also admitted she neglected to get Seets's court file. The circuit court appointed defendant new counsel on the posttrial motions. Defendant filed several *pro se* posttrial motions. Defendant's new counsel also filed a posttrial motion, asserting, *inter alia*, Miller-Jones was ineffective for failing to investigate Seets's case and to file a motion *in limine* to exclude Seets's testimony. At the November 2007 hearing on the posttrial motions, the court took judicial notice of Seets's case and Miller-Jones testified. The court denied the posttrial motions. After a December 2007 hearing, the circuit court sentenced

defendant to 24 years in prison.

¶ 7    Defendant appealed and argued, *inter alia*, Miller-Jones was ineffective for failing to impeach Seets with her unfitness to stand trial finding. This court affirmed defendant's conviction and sentence. *People v. Tatum*, 392 Ill. App. 3d 1147, 984 N.E.2d 216 (table) (Aug. 20, 2009) (unpublished order under Illinois Supreme Court Rule 23). Defendant appealed to the Illinois Supreme Court, which denied his petition for leave to appeal. *People v. Tatum*, 234 Ill. 2d 546, 920 N.E.2d 1079 (2009) (table).

¶ 8    In April 2010, defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), which set forth claims of ineffective assistance of trial and appellate counsel. In his petition, defendant noted Seets was charged with the same offense as him. In June 2010, the circuit court summarily dismissed defendant's postconviction petition, finding it frivolous and patently without merit. Defendant appealed but only challenged the imposition of a fine. Thus, this court affirmed the dismissal of defendant's postconviction petition. *People v. Tatum*, 2011 IL App (4th) 100562-U, ¶ 12.

¶ 9    Defendant next filed a March 2013 *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401 (West 2012)). Defendant argued his three-year term of mandatory supervised release must be vacated because it was never expressly imposed by the circuit court. The State filed a motion to dismiss defendant's petition. In June 2013, the circuit court dismissed the petition and ordered defendant to pay $40 for the filing fees and court costs. The court also directed the Department of Corrections to withhold and collect the $40 from defendant's prisoner trust account. Defendant appealed and asserted the $40 fee imposed by the circuit court should be vacated and the amount

refunded to his account. This court affirmed the dismissal of defendant's section 2-1401 petition but agreed with defendant's argument regarding the $40 fee. *People v. Tatum*, 2015 IL App (4th) 130561-U, ¶ 19.

¶ 10         In February 2014, defendant filed his first motion for leave to file a successive postconviction petition under section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2014)). The circuit court denied defendant's motion in June 2014. Defendant appealed, and the Office of the State Appellate Defender (OSAD) moved to withdraw its representation of defendant on appeal, contending no colorable claim of actual innocence could be raised and defendant's petition failed to meet the cause-and-prejudice test. We agreed with OSAD and thus granted OSAD's motion to withdraw as counsel and affirmed the circuit court's judgment. *People v. Tatum*, No. 4-14-0579 (Apr. 18, 2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 11         In June 2016, defendant filed a petition entitled, "Petition For Relief From Judgment Pursuant to 735 ILCS 5/2-1401 Section C-F and 725 ILCS 5/122-1 ect [*sic*] seq." Along with the petition, defendant filed (1) a 30-day notice to respond to defendant's petition for relief from judgment, (2) a motion to proceed *in forma pauperis* and for the appointment of counsel on his petition for "postjudgment relief," and (3) a letter to the Champaign County circuit clerk asking her to make sure the State was aware of the petition and notice of 30 days to respond. In the petition, defendant asserted the two-year limitations period should be excused because the grounds and facts raised in the petition were fraudulently concealed from him. In paragraph eight of the petition, defendant stated relief under the Postconviction Act was unavailable to him at the present time due to his successive postconviction petition being on appeal. Defendant raised a claim of a *per se* conflict of interest with his public defender because

the public defender simultaneously represented him as well as Seets, one of the State's witnesses. Defendant included several attachments to the petition, including the docket sheets for Seets's case. The docket sheets show the circuit court appointed the public defender to represent Seets at a July 13, 2007, hearing and Miller-Jones appeared *instanter*. On July 19, 2007, the circuit court vacated the appointment of the public defender and appointed Walter Ding to represent Seets. Defendant also attached his own affidavit and his May 2016 request for the transcript of the July 19, 2007, hearing in Seets's case.

¶ 12  In a July 14, 2016, letter, the circuit court informed defendant as follows:

"The Court has reviewed your 'Petition For Relief From Judgment Pursuant to 735 ILCS 5/2-1401 Section C-F and 725 ILCS 5/122-1 ect [*sic*] seq.' The Court does not recognize hybrid pleadings. You may only file under only one section for each individual petition and must specify the section you are seeking relief under. Further, because you filed for relief under 725 ILCS 5/122-1 previously, you must file a request for leave to file a subsequent petition."

¶ 13  On August 9, 2016, defendant filed a letter with the circuit clerk asking the clerk to withdraw his June 1, 2016, petition because the judge told him it was filed "wrong." In the letter, defendant noted he was filing a new petition for postjudgment relief. On that same day, defendant filed (1) a petition for postjudgment relief under section 2-1401 of the Procedure Code, (2) a 30-day notice to respond to defendant's petition for relief from judgment, and (3) a motion to proceed *in forma pauperis* and for the appointment of counsel on his petition for "postjudgment relief." Defendant filed amended section 2-1401 petitions on August 29, 2016, and September 21, 2016. Both amended petitions set forth defendant's conflict of interest claim.

¶ 14  In October 2016, the State filed a motion to dismiss defendant's August 9, 2016,

petition and the August 29, 2016, amendment. The State later filed a second motion to dismiss addressing defendant's September 2016 amended petition. Defendant filed replies to both motions to dismiss. On March 28, 2017, the circuit court entered a written order granting the State's motion to dismiss defendant's August 2016 petition and the subsequent amended petitions. In granting the State's motion to dismiss, the court noted all the parties knew "Miller-Jones appeared with Seets one time in arraignment court at the first appearance, and then a private attorney was appointed to represent Seets." The court further stated defendant was aware of Seets's case and the records in her court file as demonstrated by his posttrial motion. Defendant appealed, asserting the circuit court erred by not treating his June 2016 petition as a request for leave to file a successive postconviction petition and the petition should be remanded for second-stage proceedings under the Postconviction Act. We disagreed and affirmed the dismissal of defendant's petition. *People v. Tatum*, 2019 IL App (4th) 170295-U. Defendant appealed to the Illinois Supreme Court, which denied his petition for leave to appeal. *People v. Tatum*, No. 124890 (Ill. Sept. 25, 2019) (supervisory order).

¶ 15         In November 2019, defendant filed his second *pro se* motion for leave to file a successive postconviction petition, which is at issue in this appeal. In his petition, defendant asserted Miller-Jones had a *per se* conflict of interest due to her representation of Seets and he did not learn of that representation until 2016. Defendant again attached his own affidavit and the docket sheets from Seets's case. On March 30, 2020, the circuit court entered a written order denying defendant's second *pro se* motion for leave to file a successive postconviction petition. The court found defendant failed to set forth both cause and prejudice. As to cause, the court noted defendant was "fully aware" of Seets's case and the record in her court file 12 years ago when those matters were the subject of his posttrial motion and direct appeal. It specifically

- 6 -

noted the existence and significance of Seets's court file was known to defendant no later than December 2007. Additionally, the court pointed out the public court file in Seets's case was not fraudulently concealed, and defendant failed to identify any objective factor that impeded his ability to raise his specific claim during his initial postconviction proceedings.

¶ 16        On April 27, 2020, defendant timely filed a notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals). Thus, we have jurisdiction of defendant's appeal under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 17                                II. ANALYSIS

¶ 18        On appeal, defendant challenges the circuit court's denial of his second request for leave to file a successive postconviction petition to raise a *per se* conflict of interest. When the circuit court has not held an evidentiary hearing, this court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. See *People v. Gillespie*, 407 Ill. App. 3d 113, 124, 941 N.E.2d 441, 452 (2010).

¶ 19        The Postconviction Act (725 ILCS 5/122-1 *et seq.* (West 2018)) contemplates the filing of only one postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 15, 102 N.E.3d 114. Specifically, section 122-3 of the Postconviction Act (725 ILCS 5/122-3 (West 2018)) declares "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West Supp. 2019)) represents an exception to the waiver rule. See *Bailey*, 2017 IL 121450, ¶ 15. It provides the following:

        "Only one petition may be filed by a petitioner under this Article

without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West Supp. 2019).

Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963 N.E.2d 909.

¶ 20        With a motion for leave to file a successive postconviction petition, the court is just conducting "a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24. The court is only to ascertain "whether defendant has made a *prima facie* showing of cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24. If the defendant did so, the court grants the defendant leave to file the successive postconviction petition. *Bailey*, 2017 IL 121450, ¶ 24. In conducting the preliminary screening, our supreme court has held the State should not be allowed to participate. *Bailey*, 2017 IL 121450, ¶ 24.

¶ 21        As to cause, defendant asserts his pleadings must be taken as true and he did not

learn of the facts showing Miller-Jones had a conflict of interest until 2016. The State contends because the information defendant relies upon was reasonably available to defendant for the past 14 years, he cannot show cause because there was no objective factor that impeded his ability to bring the claim earlier. In response, defendant emphasizes his lack of knowledge.

¶ 22 Initially, we note that, in reviewing a circuit court's denial of leave to file a successive postconviction petition, our supreme court has examined the record in determining whether the defendant could establish the cause prong of the cause-and-prejudice test. *Guerrero*, 2012 IL 112020, ¶ 16. Also, the United States Supreme Court has identified objective factors that constitute cause to include the following:

> "[I]nterference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. [Citation.] In addition, constitutionally [i]neffective assistance of counsel ... is cause. [Citation.] Attorney error short of ineffective assistance of counsel, however, does not constitute cause ***." (Internal quotation marks omitted.) *People v. Jackson*, 205 Ill. 2d 247, 274-75, 793 N.E.2d 1, 18 (2001) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)).

¶ 23 Here, the factual basis for defendant's claim was reasonably available to him. The record shows defendant was aware of Seets's case and that her court file had information relevant to his case during his posttrial proceedings. Defendant does not identify any objective factor that prevented him from obtaining Seets's court file with its docket sheets before he filed his initial postconviction petition. Thus, we agree with the circuit court defendant did not make a *prima facie* showing of cause and find denial of his second *pro se* motion for leave to file a

successive postconviction petition was proper.

¶ 24                                III. CONCLUSION

¶ 25            For the reasons stated, we affirm the Champaign County circuit court's denial of

defendant's second motion for leave to file a successive postconviction petition.

¶ 26            Affirmed.