NOTICE

Decision filed 02/27/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220009-U

NO. 5-22-0009

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 08-CF-32 |
| | ) | |
| CHARMELL D. BROWN, | ) | Honorable |
| | ) | Anna M. Benjamin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where the defendant did not satisfy the "cause" prong of the cause-and-prejudice test, the circuit court did not err in denying him leave to file a successive postconviction petition, and since any argument to the contrary would lack merit, we grant defendant's appointed counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Charmell D. Brown, appeals the circuit court's order denying him leave to file a successive postconviction petition. Defendant's appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concludes that no reasonably meritorious argument exists that the court's rulings were erroneous. Accordingly, it has filed a motion to withdraw as counsel together with a supporting memorandum (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Counsel notified defendant of its motion and this court provided him with an opportunity to file a response, which he has done. However, after considering OSAD's motion and supporting

1

memorandum, and defendant's response, we agree that this appeal presents no reasonably meritorious issues. Accordingly, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4      In 2009, following a jury trial, defendant was found guilty of first degree murder and aggravated battery with a firearm. The circuit court sentenced him to 60 years' imprisonment for murder and a consecutive 30-year term for aggravated battery. On direct appeal, the Fourth District affirmed. *People v. Brown*, No. 4-10-0409 (2011) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5      Defendant filed a postconviction petition, which the circuit court dismissed as frivolous and patently without merit. The Fourth District affirmed. *People v. Brown*, 2015 IL App (4th) 130412-U.

¶ 6      Then, in 2021, defendant filed the motion that is the subject of this appeal. He alleged that his warrantless arrest by Champaign police officers violated the Illinois Constitution. He asserted that he could not have raised the issue previously because the case on which he relied was not decided until 2019. See *People v. Bass*, 2019 IL App (1st) 160640, *aff'd in part & vacated in part*, 2021 IL 125434. According to defendant, the recent filing of *Bass* established cause for failing to raise the issue earlier and the likelihood of success established the requisite prejudice. Defendant acknowledged that the supreme court vacated much of the First District's opinion but insisted that he was relying on the portion of the opinion not vacated. Alternatively, he asserted that the supreme court vacating portions of the appellate court opinion did not foreclose the issue but merely left it open.

2

¶ 7      Defendant did not set out specific facts regarding his arrest. He specifically did not question that the Champaign police possessed probable cause to arrest him. He asserted that the only issue was whether the Champaign police had the constitutional authority to make the probable cause decision without submitting the issue to a neutral magistrate.

¶ 8      The circuit court denied leave to file the petition. The court assumed for the sake of argument that *Bass*'s nonexistence prior to 2019 established cause for defendant's failure to raise the issue on direct appeal or in his first postconviction petition. However, the court found that defendant could not establish prejudice.

¶ 9      The court noted that *Bass* dealt solely with the Chicago Police Department's practice of issuing "investigatory alerts," and defendant had not alleged that he was arrested pursuant to such an alert. Moreover, contrary to defendant's claim, the supreme court vacated precisely the portion of the appellate court opinion on which he was relying. The court further noted that it was not clear what remedy defendant was seeking, as he had not alleged that he gave any statements or that the police seized any evidence as a result of his arrest. Defendant timely appealed.

¶ 10                                    ANALYSIS

¶ 11      OSAD concludes that it can make no reasonably meritorious argument on defendant's behalf given that the circuit court's reasoning was clearly correct. We agree.

¶ 12      The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a mechanism by which a criminal defendant may assert that his conviction resulted from a substantial denial of his constitutional rights. *Id.* § 122-1(a); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). However, the Act contemplates the filing of a single petition in any particular case, and a defendant must obtain leave of court to file a successive petition. 725 ILCS 5/122-1(f) (West 2020); *People v. Lusby*, 2020 IL 124046, ¶ 27. The circuit court must grant such leave only if the

3

defendant (1) "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings," and (2) "shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2020). The defendant must satisfy both prongs of this cause-and-prejudice test if he is to obtain leave to file his successive postconviction petition. *People v. Guerrero*, 2012 IL 112020, ¶ 15.

¶ 13    Like the circuit court, OSAD assumes that defendant established cause for raising the issue late but agrees that he cannot establish prejudice. To understand this reasoning, we first examine the *Bass* decisions.

¶ 14    Both the fourth amendment (U.S. Const., amend. IV) and article I, section 6 of the Illinois Constitution (Ill. Const. 1970, art. I, § 6) prohibit unreasonable searches and seizures. Generally, a warrantless arrest outside the home does not offend the fourth amendment if the arresting officers had probable cause to arrest. *United States v. Watson*, 423 U.S. 411, 417 (1976). Illinois has essentially codified this rule in section 107-2 of the Code of Criminal Procedure of 1963, which permits an officer to arrest a person when "[h]e has a warrant commanding that such person be arrested" *or* "*[h]e has reasonable grounds to believe that the person is committing or has committed an offense.*" (Emphasis added.) 725 ILCS 5/107-2(1)(a), (c) (West 2020). Thus, prior to *Bass*, there was no authority in Illinois that a warrantless arrest based on probable cause raised constitutional concerns.

¶ 15    In *Bass*, the appellate court expressly considered only the practice of issuing investigatory alerts, which the court found was unique to the Chicago Police Department. The court considered

whether article I, section 6 of the Illinois Constitution provided greater protection in this situation. It concluded that it did.

¶ 16    Bass was a passenger in a van that was stopped for a routine traffic violation. *Bass*, 2019 IL App (1st) 160640, ¶ 8 (*Bass I*).    During the stop, the officers ran "name checks" on the occupants and in the process discovered that an investigatory alert had been issued for defendant asserting that probable cause existed to arrest him. *Id.*

¶ 17    The defendant was arrested and ultimately convicted of criminal sexual assault. On appeal, the defendant asserted primarily that running name checks on the occupants prolonged the traffic stop beyond what was reasonably necessary to issue a warning for the traffic violation. He thus argued that statements he gave following his arrest should have been suppressed. *Id.* ¶ 10. The circuit court denied the motion.

¶ 18    On appeal, the defendant argued, *inter alia*, that the trial court erred in denying his motion to suppress. Defendant argued primarily that the "name check" unreasonably prolonged the traffic stop. However, following supplemental briefing, he also argued that the officers' reliance on the investigatory alert violated article I, section 6. The appellate court agreed with both points. After considering the history and language of the Illinois constitutional provision, the court found it appropriate to depart from the supreme court's usual "limited-lockstep" approach and find that the Illinois provision provided greater protection to individual rights than its federal counterpart. *Id.* ¶¶ 48-65. The court also agreed with the defendant that the traffic stop had been needlessly prolonged. *Id.* ¶ 78. It thus reversed defendant's conviction and remanded for a new trial from which his postarrest statements would be excluded. *Id.* ¶¶ 81-85.

¶ 19    On appeal to the supreme court, that tribunal agreed that the traffic stop was prolonged beyond the time necessary to deal with the traffic violation. It thus affirmed the reversal of the

5

defendant's conviction and ended its analysis there. *People v. Bass*, 2021 IL 125434, ¶ 33 (*Bass II*). It vacated the portions of the appellate court opinion "related to limited lockstep analysis and investigatory alerts." *Id.*

¶ 20 Between *Bass I* and *Bass II*, a different panel of the First District rejected *Bass I*'s holding concerning investigatory alerts. *People v. Braswell*, 2019 IL App (1st) 172810, ¶ 39. The court observed that probable cause is generally sufficient to authorize a warrantless arrest. Thus, the *Bass I* majority's holding created a "paradoxical situation where police may arrest an individual without a warrant and without an investigative alert if they have probable cause to do so, but that same arrest becomes unconstitutional if police issue an investigative alert based on the same facts that gave rise to the probable cause." *Id.* (citing *Bass I*, 2019 IL App (1st) 160640, ¶ 120 (Mason, J., concurring in part and dissenting in part)). However, since that time, the same division of the First District that issued *Bass I* has reaffirmed its holding that investigatory alerts violate article I, section 6, albeit finding the violation harmless. *People v. Smith*, 2022 IL App (1st) 190691, ¶ 107.

¶ 21 In light of this history, the multiple problems with defendant's argument are apparent. Initially, it is doubtful that *Bass I* ever applied to defendant's case at all. It dealt solely with the Chicago Police Department's apparently unique practice of issuing investigatory alerts. Defendant has not alleged that he was arrested pursuant to such an alert. Moreover, he does not dispute that the police had probable cause for his arrest. Accordingly, the general rule that warrantless arrests based on probable cause are permissible applies.

¶ 22 Moreover, the supreme court vacated the portion of *Bass I* on which defendant relied. Although defendant contended that he was relying on the nonvacated portions of *Bass I*, we agree with the circuit court that this assertion is patently wrong. Defendant has never claimed that he was arrested following a traffic stop that was unreasonably prolonged. That was the only basis for

6

the supreme court's holding in *Bass II*. The court vacated the remainder of *Bass I*, which included the appellate court's discussion of investigatory alerts and the Illinois Constitution.

¶ 23    Defendant's assertion that the supreme court's vacation of *Bass I* merely left the issue open is beside the point. The alleged creation of a new constitutional rule in *Bass I* was the only "cause" defendant asserted for not raising the issue in his initial postconviction petition. See *People v. Davis*, 2014 IL 115595, ¶ 42 (new substantive rule constitutes "cause" sufficient to justify successive postconviction petition). In the absence of *Bass*, there was no new rule to justify the delay in raising the issue. Defendant was free to argue earlier, as an issue of first impression, that his warrantless arrest violated the Illinois Constitution.

¶ 24    Finally, as the circuit court observed, it is unclear what remedy defendant seeks. The traditional remedy for an unconstitutional arrest is to suppress the fruit of that arrest, including postarrest statements. *People v. Jennings*, 296 Ill. App. 3d 761, 763 (1998). Even if defendant's arrest were deemed unlawful, this would not affect the validity of the conviction. *People v. Pacheco*, 281 Ill. App. 3d 179, 184 (1996) (citing, *e.g.*, *People v. Finch*, 47 Ill. 2d 425, 436 (1970)). See also *People v. Fox*, 155 Ill. App. 3d 256, 261 (1987) ("It is generally the practice to file a motion to quash arrest and suppress evidence when seeking to suppress evidence, including statements, based upon a lack of probable cause to make a warrantless arrest [citations], as a successful motion to quash arrest without the ensuing suppression of evidence is of little effect."). Here, defendant has not alleged that he made any statements or that the police seized any evidence as a result of his arrest. Defendant is not entitled to the vacation of his conviction even if he could establish that his arrest was unlawful.

¶ 25    In his response, defendant objects to OSAD's motion because it does not answer his question "can Champaign Police Department determine probable cause?" We find that OSAD's

7

supporting memorandum answers the question whether the circuit court properly denied defendant leave to file a successive postconviction petition under the facts presented. As explained above, we agree that it did. We may not go further merely to answer a hypothetical question. See *Peach v. McGovern*, 2019 IL 123156, ¶ 64 (appellate courts will not decide moot or abstract questions, and will not render advisory opinions).

¶ 26                             CONCLUSION

¶ 27    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 28    Motion granted; judgment affirmed.